JUDGE PRESKA

LEVENTHAL & KLEIN, LLP
45 Main St., Suite 230
Brooklyn, New York 11201
(718) 722-4100

07 CV 5874

JUN 2 1 2007

U.S.D.C. SDNY
CASHIERS

Attorneys for Plaintiff ABU CAMARA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ABU CAMARA,

**COMPLAINT**

                                        Plaintiff,

Index No.

                -against-

Jury Trial Demanded

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES, and JOHN AND JANE DOES 1
Through10, individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants,

-------------------------------------------------------------------------------X

        Plaintiff ABU CAMARA, individually, by his attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the States of New York and the United

States.  Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

1

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ABU CAMARA is a citizen of the United States, and at all relevant times was a resident of the State of New York. At all times mentioned herein, ABU CAMARA was a resident at Camp Laguardia in Chester, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Department of Homeless Service ("NYCDHS"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      At all times mentioned herein, Camp Laguardia was a homeless shelter that was owned, operated, managed, maintained and/or controlled by the CITY OF NEW YORK and NYCDHS. Among other things, the CITY OF NEW YORK and NYCDHS were responsible for providing security and otherwise ensuring the proper care, custody and control of all residents of Camp Laguardia.

2

10.    That at all times hereinafter mentioned, the individually named defendants, JOHN

and JANE DOES 1-10, were duly sworn peace officers of said department and were acting under

the supervision of said department and according to their official duties.

11.    That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

12.    Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK and NYCDHS.

## FACTS

13.    On or about March 24, 2006 at 12:30 p.m., plaintiff ABU CAMARA was

lawfully present in a wooded area approximately two hundred feet south of 158 Grey Court

Road, located in Chester, New York.

14.    At the aforesaid time and place, the defendants, law enforcement officers

employed by and working in the scope of their duties for the New York City Department of

Homeless Services, unlawfully and without any justification stopped, seized, and punched Mr.

Camara in the ribs, causing the plaintiff to fall to the ground.  Plaintiff was thereafter punched,

kicked, stomped and otherwise beaten by the officers, who roughly pulled plaintiff's arms back

to handcuff him, and also struck plaintiff with a hard object while he lay on the ground and was

not posing any threat of harm to the officers.  Mr. Camara was thereafter handcuffed and

imprisoned without any lawful basis, and taken against his will into NYCDHS vehicle, and then

to a NYCDHS facility in the basement of Camp Laguardia, 1 Laguardia Road, Chester, New

3

York, where he was held for an extended period of time until he was released without being charged with any crime.

15.    During the time he was in the custody of the defendants, Mr. Camara suffered from serious injuries he sustained at the hands of the defendants. Notwithstanding Mr. Camara's obvious pain and injuries, the defendants ignored plaintiff's serious medical needs and left him to suffer until without adequate and appropriate medical attention for an extended period of time.

16.    All of the above occurred while other NYCDHS officers failed to intervene in the illegal conduct described herein.

17.    All of the above occurred as a result of the failure of the CITY OF NEW YORK and NYCDHS to adequately screen, hire, train and supervise its security and law enforcement officers.

18.    All of the above occurred as a result of the unconstitutional policies, customs and practices of the CITY OF NEW YORK and NYCDHS that were the moving force behind the violation of plaintiff ABU CAMARA's rights as alleged herein.

19.    As a result of the foregoing, plaintiff ABU CAMARA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

20.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21.    All of the aforementioned acts of defendants, their agents, servants and

employees, including the beating, arrest and detention of the plaintiff without probable cause or justification, were carried out under the color of state law.

22.    All of the aforementioned acts deprived plaintiff ABU CAMARA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

23.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

24.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Department of Homeless Services, all under the supervision of ranking officers of said department.

25.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

26.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25 with the same force and effect as if fully set forth herein.

27.    The level of force employed by defendants was objectively unreasonable and in violation of plaintiff ABU CAMARA's constitutional rights.

28.    As a result of the aforementioned conduct of defendants, plaintiff ABU

CAMARA was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

29.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.    Defendants had an affirmative duty to intervene on behalf of plaintiff ABU CAMARA, whose constitutional rights were being violated in their presence by other officers.

31.    The defendants failed to intervene to prevent the unlawful conduct described herein.

33.    As a result of the foregoing, plaintiff ABU CAMARA' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause, and subjected to unlawful and excessive force. Further, plaintiff sustained severe and permanent physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

34.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.    The defendants knew that plaintiff had sustained physical injuries and that he required medical treatment, yet ignored his requests for assistance.

36.    As a result of the foregoing, plaintiff ABU CAMARA's constitutional right to be free from deliberate indifference to serious medical needs was violated.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.    Defendants arrested plaintiff ABU CAMARA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39.    Defendants caused plaintiff ABU CAMARA to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

40.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.    The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and NYCDHS included, but were not limited to responding to pressure and complaints from the community to deal with Camp Laguardia residents mixing in the community by committing acts of brutality and/or otherwise using force when it was not appropriate or necessary.  In addition, the CITY OF NEW YORK and NYCDHS engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ABU CAMARA's rights as described herein.  As a result of the failure of the CITY OF NEW YORK and NYCDHS to

7

properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK and NYCDHS have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Department of Homeless Services constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ABU CAMARA.

44.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Department of Homeless Services were the direct and proximate cause of the constitutional violations suffered by plaintiff ABU CAMARA as alleged herein.

45.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Department of Homeless Services were the moving force behind the Constitutional violations suffered by plaintiff ABU CAMARA as alleged herein.

46.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Department of Homeless Services, plaintiff ABU CAMARA was unlawfully beaten, otherwise subjected to physical abuse, detained, and incarcerated.

47.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ABU CAMARA's constitutional rights.

48.    All of the foregoing acts by defendants deprived plaintiff ABU CAMARA of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of medical treatment;

B.    To be free from false arrest;

C.    To be free from malicious prosecution

D.    To be free from the use of excessive force and/or the failure to intervene.

49.    As a result of the foregoing, plaintiff ABU CAMARA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

50.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

52.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

53.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

54.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

55.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

56.    Plaintiff repeats reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    As a result of the foregoing, plaintiff ABU CAMARA was placed in apprehension of imminent harmful and offensive bodily contact.

58.    As a result of defendants' conduct, plaintiff ABU CAMARA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

59.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.    Defendants made offensive contact with plaintiff without privilege or consent.

61.    As a result of defendants' conduct, plaintiff ABU CAMARA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

62.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

64.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

65.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

66.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ABU CAMARA.

67.    As a result of the aforementioned conduct, plaintiff ABU CAMARA suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants arrested plaintiff ABU CAMARA without probable cause.

70. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

71. As a result of the aforementioned conduct, plaintiff ABU CAMARA was unlawfully imprisoned in violation of the laws of the State of New York.

72.    As a result of the aforementioned conduct, plaintiff ABU CAMARA suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

11

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ABU CAMARA.

75.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff ABU CAMARA.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

12

described herein.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

80.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

82.    As a result of the foregoing, plaintiff ABU CAMARA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ABU CAMARA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
June 18, 2007

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff ABU CAMARA

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

ABU CAMARA,

                                        Plaintiff,

            -against-


CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES, and JOHN AND JANE DOES 1
Through10, individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants,

------------------------------------------------------------------------------X




## COMPLAINT








Leventhal & Klein, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100