UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

ABU CAMARA,

                              Plaintiff,

                -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES, and JOHN
AND JANE DOES 1 Through 10, individually and in their
official capacities, (the names John and Jane Doe being
fictitious , as the true names are presently unknown),

                           Defendants.

------------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

07 Civ. 5874 (LAP)

        The City of New York and New York City Department of Homeless Services, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit plaintiff purports to proceed as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit plaintiff purports to proceed as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit plaintiff purports to base venue as stated therein.

        5.      Paragraph "5" of the complaint contains no averments of fact to which a response is required.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admit plaintiff was a resident at Camp Laguardia.

7.    Admit the allegations set forth in paragraph "7" of the complaint.

8.    Defendant states that the allegations in paragraph "8" of the complaint constitute legal conclusions to which no response is required, except defendant respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Department of Homeless Services.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit Camp Laguardia was formerly a facility operated by the New York City Department of Homeless Services.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, as it refers to unidentified persons.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, as it refers to unidentified persons and respectfully refer all questions of law to the Court.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, as it refers to unidentified persons and respectfully refer all questions of law to the Court.

13.    Deny the allegations set forth in paragraph "13" of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint, except admit plaintiff was brought to a facility within Camp Laguardia and subsequently released.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "19" inclusive of their answer, as if fully set forth herein.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" inclusive of their answer, as if fully set forth herein.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "28" inclusive of their answer, as if fully set forth herein.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.    Deny the allegations set forth in paragraph "33" of the complaint.[1]

33.    In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" inclusive of their answer, as if fully set forth herein.

34.    Deny the allegations set forth in paragraph "35" of the complaint.

35.    Deny the allegations set forth in paragraph "36" of the complaint.

36.    In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "35" inclusive of their answer, as if fully set forth herein.

37.    Deny the allegations set forth in paragraph "38" of the complaint.

38.    Deny the allegations set forth in paragraph "39" of the complaint.

39.    In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "38" inclusive of their answer, as if fully set forth herein.

40.    Deny the allegations set forth in paragraph "41" of the complaint.

41.    Deny the allegations set forth in paragraph "42" of the complaint.

42.    Deny the allegations set forth in paragraph "43" of the complaint.

43.    Deny the allegations set forth in paragraph "44" of the complaint.

44.    Deny the allegations set forth in paragraph "45" of the complaint.

45.    Deny the allegations set forth in paragraph "46" of the complaint.

46.    Deny the allegations set forth in paragraph "47" of the complaint.

47.    Deny the allegations set forth in paragraph "48" of the complaint.

---

[1] There is no paragraph "32" in the complaint.

48.    Deny the allegations set forth in paragraph "49" of the complaint, including all subparts.

49.    In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "48" inclusive of their answer, as if fully set forth herein.

50.    Deny the allegations set forth in paragraph "51" of the complaint, except admit a purported notice of claim was received in the Office of the Comptroller.

51.    Deny the allegations set forth in paragraph "52" of the complaint, except admit no payment or adjustment has been made to the plaintiff.

52.    Deny the allegations set forth in paragraph "53" of the complaint, except admit this action was commenced on or about June 21, 2007.

53.    Deny the allegations set forth in paragraph "54 of the complaint.

54.    Deny the allegations set forth in paragraph "55" of the complaint.

55.    In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "54" inclusive of their answer, as if fully set forth herein.

56.    Deny the allegations set forth in paragraph "57" of the complaint.

57.    Deny the allegations set forth in paragraph "58" of the complaint.

58.    In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "57" inclusive of their answer, as if fully set forth herein.

59.    Deny the allegations set forth in paragraph "60" of the complaint.

60.    Deny the allegations set forth in paragraph "61" of the complaint.

61.     In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "60" inclusive of their answer, as if fully set forth herein.

62.     Deny the allegations set forth in paragraph "63" of the complaint.

63.     Deny the allegations set forth in paragraph "64" of the complaint.

64.     Deny the allegations set forth in paragraph "65" of the complaint.

65.     Deny the allegations set forth in paragraph "66" of the complaint.

66.     Deny the allegations set forth in paragraph "67" of the complaint.

67.     In response to the allegations set forth in paragraph "68" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "66" inclusive of their answer, as if fully set forth herein.

68.     Deny the allegations set forth in paragraph "69" of the complaint.

69.     Deny the allegations set forth in paragraph "70" of the complaint.

70.     Deny the allegations set forth in paragraph "71" of the complaint.

71.     Deny the allegations set forth in paragraph "72" of the complaint.

72.     In response to the allegations set forth in paragraph "73" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "71" inclusive of their answer, as if fully set forth herein.

73.     Deny the allegations set forth in paragraph "74" of the complaint.

74.     Deny the allegations set forth in paragraph "75" of the complaint.

75.     In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "74" inclusive of their answer, as if fully set forth herein.

76.     Deny the allegations set forth in paragraph "77" of the complaint.

77.     In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "76" inclusive of their answer, as if fully set forth herein.

78.     Deny the allegations set forth in paragraph "79" of the complaint.

79.     In response to the allegations set forth in paragraph "80" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "78" inclusive of their answer, as if fully set forth herein.

80.     Deny the allegations set forth in paragraph "81" of the complaint.

81.     Deny the allegations set forth in paragraph "82" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

82.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

83.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

84.     At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

85.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

86.    Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

87.    There was probable cause for plaintiff's arrest and detention.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

88.    Plaintiff cannot recover punitive damages from the municipal defendant.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

89.    The New York City Department of Homeless Services is not a suable entity.

**WHEREFORE,** defendants City of New York and NYC Department of Homeless Services request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             September 21, 2007


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-141
                              New York, New York 10007
                              (212) 788-0869


                              By:    _____
                                     Jordan M. Smith
                                     Assistant Corporation Counsel

- 8 -

To:     Brett H. Klein, Esq.
        Leventhal & Klein
        45 Main Street, Suite 230
        Brooklyn, NY 11201