UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ABU CAMARA,

                                 Plaintiff,

                    -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES, BRIAN
CZENSZAK (Shield No. 328), CALIXTO CONDE (Shield
No. 1008), J.R. JENNINGS (Shield No. 813), and JOHN
AND JANE DOES 1 Through 10, individually and in their
official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                Defendants.

------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT**

Jury Trial Demanded

07 CV 5874 (LAP)

        Defendants the City of New York, the New York City Department of Homeless Services, Brian Czenszak and Calixto Conde, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:[1]

        1. Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to bring this action as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] On information and belief, the individual identified in the caption of the complaint as "J.R. Jennings (Shield No. 813)" has not yet been served with the summons and complaint in this action and, therefore, is not yet a defendant in this case.

1

4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the amended complaint demands a trial by jury, to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the amended complaint, except admit that plaintiff was a resident at Camp Laguardia.

7. Admit the allegations set forth in paragraph "7" of the amended complaint.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except defendants respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Department of Homeless Services.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that Camp Laguardia was formerly a facility operated by the New York City Department of Homeless Services.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the amended complaint, except admit that Brian Czenszak, Calixto Conde and J.R. Jennings were employed as peace officers by the City of New York.

11. Paragraph "11" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

12. Paragraph "12" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

13. Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that plaintiff was present in the vicinity of Greycourt Road on March 24, 2006.

14. Deny the allegations set forth in paragraph "14" of the amended complaint, except admit plaintiff was brought to a facility within Camp Laguardia and subsequently released.

15. Deny the allegations set forth in paragraph "15" of the amended complaint.

16. Deny the allegations set forth in paragraph "16" of the amended complaint.

17. Deny the allegations set forth in paragraph "17" of the amended complaint.

18. Deny the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint.

20. In response to the allegations set forth in paragraph "20" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint.

23. Deny the allegations set forth in paragraph "23" of the amended complaint.

24. Deny the allegations set forth in paragraph "24" of the amended complaint.

25. Deny the allegations set forth in paragraph "25" of the amended complaint.

26. In response to the allegations set forth in paragraph "26" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. In response to the allegations set forth in paragraph "29" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the amended complaint.

31. Deny the allegations set forth in paragraph "31" of the amended complaint.

33. Deny the allegations set forth in paragraph "33" of the amended complaint.[2]

34. In response to the allegations set forth in paragraph "34" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the amended complaint.

36. Deny the allegations set forth in paragraph "36" of the amended complaint.

37. In response to the allegations set forth in paragraph "37" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the amended complaint.

39. Deny the allegations set forth in paragraph "39" of the amended complaint.

40. In response to the allegations set forth in paragraph "40" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint.

43. Deny the allegations set forth in paragraph "43" of the amended complaint.

44. Deny the allegations set forth in paragraph "44" of the amended complaint.

45. Deny the allegations set forth in paragraph "45" of the amended complaint.

46. Deny the allegations set forth in paragraph "46" of the amended complaint.

47. Deny the allegations set forth in paragraph "47" of the amended complaint.

---

[2] There is no paragraph "32" in the amended complaint.

48. Deny the allegations set forth in paragraph "48" of the amended complaint and all subparts thereof.

49. Deny the allegations set forth in paragraph "49" of the amended complaint.

50. In response to the allegations set forth in paragraph "50" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the amended complaint, except admit that the New York City Office of the Comptroller received what purports to be a Notice of Claim on or about April 25, 2006.

52. Deny the allegations set forth in paragraph "52" of the amended complaint, except admit that the New York City Office of the Comptroller received what purports to be a Notice of Claim on or about April 25, 2006, and that no settlement has been reached.

53. Paragraph "53" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

54. Paragraph "54" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

55. Paragraph "55" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

56. In response to the allegations set forth in paragraph "56" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the amended complaint.

58. Deny the allegations set forth in paragraph "58" of the amended complaint.

59. In response to the allegations set forth in paragraph "59" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the amended complaint.

61. Deny the allegations set forth in paragraph "61" of the amended complaint.

62. In response to the allegations set forth in paragraph "62" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the amended complaint.

64. Deny the allegations set forth in paragraph "64" of the amended complaint.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint.

67. Deny the allegations set forth in paragraph "67" of the amended complaint.

68. In response to the allegations set forth in paragraph "68" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the amended complaint.

70. Deny the allegations set forth in paragraph "70" of the amended complaint.

71. Deny the allegations set forth in paragraph "71" of the amended complaint.

72. Deny the allegations set forth in paragraph "72" of the amended complaint.

73. In response to the allegations set forth in paragraph "73" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. Deny the allegations set forth in paragraph "75" of the amended complaint.

76. In response to the allegations set forth in paragraph "76" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the amended complaint.

78. In response to the allegations set forth in paragraph "78" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the amended complaint.

80. In response to the allegations set forth in paragraph "80" of the amended complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

81. Deny the allegations set forth in paragraph "81" of the amended complaint.

82. Deny the allegations set forth in paragraph "82" of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

83. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

84. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

85. At all times relevant to the acts alleged in the amended complaint, Defendants City and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

86. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

87. Punitive damages cannot be recovered from the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

88. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

89. Plaintiff has not complied with the conditions precedent to suit.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

90. Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

91. There was probable cause for plaintiff's detention.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

92. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

93. At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:

94. The New York City Department of Homeless Services is not a suable entity.

**WHEREFORE,** defendants City of New York, the New York City Department of Homeless Services, Brian Czenszak and Calixto Conde request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 1, 2008

    MICHAEL A. CARDOZO
      Corporation Counsel of
      the City of New York
    Attorney for Defendants City of New York,
      New York City Department of
      Homeless Services, Brian Czenszak, and
      Calixto Conde
    100 Church Street
    New York, New York 10007
    (212) 788-1090

By: _____
     ROBYN N. PULLIO (RP 7777)

To:   VIA ECF
      Brett H. Klein, Esq.
      Leventhal & Klein, LLP
      45 Main Street, Suite 230
      Brooklyn, NY 11201

Index No. 07 CV 5874 (LAP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABU CAMARA,

                                                Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, BRIAN CZENSZAK (Shield No. 328), CALIXTO CONDE (Shield No. 1008), J.R. JENNINGS (Shield No. 813), and JOHN AND JANE DOES 1 Through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                  Defendants

**ANSWER TO AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*

*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Robyn N. Pullio*
*Tel: (212) 788-1090*
*NYCLIS No. 2007-020924*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................,2008*

*................................................................. Esq.*

*Attorney for City of New York*